**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALTIMONT WILKES** | : | |

### ORDER

AND NOW, this 20th day of April, 2005, upon consideration of the motion to dismiss (Doc. 37), in which defense counsel asserts that trial in the above-captioned case, currently scheduled to commence on May 2, 2005, will not commence within the period mandated under the Speedy Trial Act, see 18 U.S.C. § 3161(c), and it appearing that the motion (Doc. 37) is not accompanied by a supporting brief, as expressly required by prior order of court (see Doc. 12 ¶¶ 12, 14 ("If a supporting brief is not filed in conjunction with [a pre-trial] motion, the motion will be deemed withdrawn, unless otherwise ordered by the court.")),[1] it is hereby ORDERED that:

1. Defendant shall file a brief in support of the motion to dismiss (Doc. 37) on or before April 22, 2005.

---

[1] The motion to dismiss was also filed several months after the deadline for pre-trial motions (see Doc. 20 (establishing deadline as November 19, 2004), without any explanation for the delay. See FED. R. CRIM. P. 12(e) (stating that failure to file pre-trial motion within deadline established by court results in waiver of defense unless the party offers "good cause" for delay). While this error will be overlooked on this occasion, the court expects that counsel will in the future adhere strictly to the procedural requirements set forth in this court's orders, the Local Rules, and the Federal Rules of Criminal Procedure.

      a.      The brief in support shall address the factual and legal bases for the requested relief, including citations to supporting authority, and shall provide a detailed outline of the periods that allegedly should be included and excluded in computing the time within which trial in the above-captioned case must commence.[2]  See 18 U.S.C. §§ 3161(c), (h), 3162(a).

      b.      Failure to comply with this order will result in the motion (Doc. 37) being deemed withdrawn.

2.    The United States shall file a brief in opposition to the motion to dismiss (Doc. 37) on or before April 27, 2005.

3.    No further briefs with respect to the motion to dismiss (Doc. 37) shall be filed without leave of court.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] Although final resolution of the motion to dismiss will await further briefing, the court will take this opportunity to note its concerns over the merits of defendant's request.  The indictment in this case was filed on August 25, 2004 (Doc. 1), and, under a view of the record most favorable to the defense, trial was required to begin on October 29, 2004.  See 18 U.S.C. § 3161(c)(1) (stating that trial of a defendant must generally commence within seventy days of the filing of an indictment).  However, starting on October 19, 2004, defendant filed a series of pre-trial motions, requests for enlargements of time, and motions to continue trial.  (See Docs. 13, 18, 23, 25, 28, 31, 35).  The periods during which these motions were being briefed and under advisement and during which trial was continued in the "ends of justice" are likely excludable under the Speedy Trial Act.  See 18 U.S.C. § 3161(h).  And, even if a statutory violation is established, defense counsel has offered no justification for dismissal of the indictment "with prejudice," as requested in the motion (Doc. 37).  See 18 U.S.C. § 3162(a)(2).  Counsel should address these issues, with record and legal citations, in the brief in support of the motion to dismiss.  See id. ("The defendant shall have the burden of proof of supporting [a] motion [to dismiss] . . . .").