# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:04-CR-0287** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **ALTIMONT WILKES** : | |

## **MEMORANDUM**

Presently before the court is a motion to dismiss the indictment (Doc. 37), charging defendant with controlled substance violations, on the ground that trial will not commence within the period mandated by the Speedy Trial Act, 18 U.S.C. § 3161. The Act generally requires defendants to be brought to trial within seventy days of the date on which the indictment is filed. Id. § 3161(c)(1). This period is tolled in several circumstances, two of which are relevant here: during the pendency of pre-trial motions and when trial is continued "in the ends of justice." Id. § 3161(h). When these times are excluded in this case, it is clear that the trial of defendant will occur within the period mandated by the Act.

The indictment *sub judice* was filed on August 25, 2004, and the court will assume *arguendo* that the speedy trial "clock" started on this date.[1] (Doc. 1). The clock ran for forty-four days, until October 8, 2004, when a motion to detain was

---

[1] But cf. infra note 5 (noting that speedy trial "clock" actually commenced on October 12, 2004, the date of defendant's first appearance).

filed.[2]  (Doc. 5).  The motion was heard and decided on October 12, 2004.  (Doc. 6).  The clock then ran for seven days, until October 19, 2004, when a motion for reconsideration of the detention order was filed.[3]  (Doc. 13).  That motion, and a subsequently filed motion for an extension of time to file pre-trial motions, were resolved by November 8, 2004.  (Docs. 18, 21, 20).  The clock then ran for eleven more days, until a motion for self-representation was filed by defendant on November 19, 2004.[4]  (Docs. 23, 24, 25).  The motion was decided on December 1, 2004.  (Doc. 26).  The clock then ran for five days, until December 6, 2004, the date on which a continuance of trial was granted "in the ends of justice."  (See Doc. 24).  A series of subsequent continuances, all granted "in the ends of justice," have continued to toll the speedy trial clock until the date currently scheduled for trial, on May 2, 2005.  (Docs. 29, 32, 34, 36).

Thus, the *maximum* time that has run against the speedy trial clock is thus sixty-seven days:  forty-four days after the filing of the indictment, seven days after disposition of the motion to detain, eleven days after disposition of the motion for an extension of time, and five days after disposition of the motion for substitution of counsel.  Trial in the above-captioned case will commence within the period

---

[2] See United States v. Lattany, 982 F.2d 866, 872 & n.6 (3d Cir. 1992) (noting that motion for detention qualifies as pre-trial motion tolling speedy trial period); Government of Virgin Islands v. Duberry, 923 F.2d 317, 323 (3d Cir. 1991) (same) (citing United States v. Wilson, 835 F.2d 1440, 1442-43 (D.C. Cir. 1987)).

[3] See supra note 2.

[4] See United States v. Felton, 811 F.2d 190, 195-98 (3d Cir. 1987) (noting broad definition of pre-trial motion for speedy trial purposes); see also supra note 2.

mandated by the Speedy Trial Act.  See 18 U.S.C. § 3161(c)(1).  The motion will be denied.[5]

    An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:      April 25, 2005

---

[5] It should be noted that the premise on which the motion to dismiss is based—that defendant's statutory speedy trial rights accrued on the date of the filing of the indictment—is flawed.  The Speedy Trial Act provides that the speedy trial "clock" commences on *the later of* either the filing of the indictment *or* the defendant's first appearance in the judicial district.  See 18 U.S.C. § 3161(c)(1).  Although the indictment in this case was filed on August 25, 2004, defendant's first appearance in this district did not occur until October 12, 2004.  See United States v. Wilkerson, 170 F.3d 1040, 1043 (11th Cir. 1999); United States v. Montoya, 827 F.2d 143, 152-53 (7th Cir. 1987).  Notwithstanding the delay in effecting defendant's transfer to this district, his statutory speedy trial rights did not accrue until the latter date, and only twenty-three days have actually run against the speedy trial clock.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:04-CR-0287**
:
    **v.**     :     **(Judge Conner)**
:
**ALTIMONT WILKES**     :

## ORDER

AND NOW, this 25th day of April, 2005, upon consideration of the motion to dismiss (Doc. 37), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 37) is DENIED.

                           S/ Christopher C. Conner
                           CHRISTOPHER C. CONNER
                           United States District Judge