**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **ALTIMONT WILKES** | : | |

**ORDER**

AND NOW, this 3rd day of May, 2005, upon consideration of the correspondence from defendant addressed to the attention of the court (Doc. 47), in which defendant requests the appointment of counsel "to address civil matters" arising from the seizure of certain property by law enforcement agents in Maryland, and it appearing that defendant is represented by appointed counsel in the above-captioned case (Doc. 26) and that a motion to return property "must be filed in the district where the property was seized," see FED. R. CRIM. P. 41(g); cf. United States v. Parlavecchio, 57 Fed. Appx. 917 (3d Cir. 2003) (noting, "in passing," that subsection (g) of Federal Rule of Criminal Procedure 41 "put[s] to rest any debate relating to the proper venue for a [motion to return property]"), it is hereby ORDERED that the request for appointment of counsel (Doc. 47) is DENIED

without prejudice to defendant's right to file a motion to return property in the appropriate judicial district.[1]

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court will not construe the letter as a motion to suppress, see Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party."); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988), which would be untimely under the scheduling order (Doc. 20) directing that all pre-trial motions must be filed on or before November 19, 2004, see FED. R. CRIM. P. 12(e) (stating that failure to file pre-trial motion within deadline established by court generally results in waiver of defense).