# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:04-CR-0287** |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **ALTIMONT WILKES** : | |

## **ORDER**

AND NOW, this 9th day of May, 2005, upon consideration of the correspondence from defendant (Doc. 50) dated May 3, 2005, and addressed to the attention of the court, in which defendant asserts several procedural violations arising from his arrest and initial appearance, see FED. R. CRIM. P. 12, and it appearing that defendant is presently represented by counsel (Doc. 26), it is hereby ORDERED that:

1. The correspondence (Doc. 50) is CONSTRUED as a motion to dismiss the indictment and is STRICKEN from the record in the above-captioned case.[1]

2. Counsel for defendant shall consult with defendant regarding the motion (Doc. 50).

---

[1] See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) (same); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984) (same); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("[The Constitution] does not require a trial judge to permit 'hybrid' representation . . . ."); United States v. Singleton, 107 F.3d 1091, 1100 & n.7 (4th Cir. 1997) (same); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993) (same); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988) (same); cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).

3. Defendant hereafter shall refrain from submitting correspondence addressed to the attention of the court but shall, if appropriate, file future requests for relief as formal motions.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge