## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALTIMONT WILKES** | : | |

### **MEMORANDUM**

There are few circumstances in which a district court may continue to exercise authority over a case after the filing of a notice of appeal, an "event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over . . . the case."[1] The district court may proceed if the appeal is patently frivolous.[2] It may proceed if the notice relates to a non-appealable order or judgment.[3] It may also proceed if the appeal is taken in bad faith and would result in unwarranted delay.[4] The notice of appeal filed by

---

[1] Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam).

[2] United States v. Leppo, 634 F.2d 101, 104-05 (3d Cir. 1980) (citing United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979)).

[3] Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989); Venen v. Sweet, 758 F.2d 117, 120-22 (3d Cir. 1985).

[4] See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988); RCA Corp. v. Local 241, Int'l Fed'n of Prof'l & Tech. Eng'rs, AFL-CIO, 700 F.2d 921, 924 (3d Cir. 1983); Government of the Virgin Islands v. Joseph, 685 F.2d 857, 863 n.3 (3d Cir. 1982); 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 303.32 (3d ed. 1999). The court does not suggest, and need not decide, whether bad faith or unwarranted delay could independently support a district court's decision to retain jurisdiction in a particular case. See, e.g., id. (indicating that bad faith or unwarranted delay would bolster district court's retention of jurisdiction after frivolous or premature notice of appeal).

defendant in this case represents a convergence of all of these circumstances. Despite the notice, this court retains jurisdiction over these proceedings.

The notice of appeal relates to a memorandum and order denying defendant's motion to dismiss the indictment based on speedy trial grounds. The motion was filed on April 18, 2005, two weeks before trial was scheduled to commence, and was denied on April 25, 2005. The court found, viewing the record in the light most favorable to defendant, that trial would clearly commence within the period prescribed by the Speedy Trial Act, 18 U.S.C. § 3161. (Docs. 36, 37, 40, 52).

Three days later, the court was notified that defendant wished to change his plea to guilty. A plea colloquy was set for the date previously established for trial, and trial was continued until June 6, 2005. The plea hearing commenced as scheduled, and defendant answered a series of questions indicating that he understood the charges against him and wished to admit his guilt. Near the end of the proceeding, however, defendant abruptly changed course. He stated, contrary to the criminal information—which defendant had previously read—and contrary to the plea agreement—which defendant had previously signed—that the drug involved in his offense was cocaine hydrochloride rather than cocaine base. In light of this unanticipated factual challenge, the court was left with no choice but to adjourn the hearing. The parties were advised to prepare for a June 6, 2005, trial. (Docs. 42-44, 46, 48).

The notice of appeal was filed seven days after the plea hearing, on May 9, 2005. It was filed by defendant *in propria persona*, apparently without the involvement of his appointed counsel. (Docs. 26, 52).

The appeal is substantively frivolous, procedurally improper, and functionally ineffective. There is simply no question that the motion to dismiss—the subject of the notice of appeal—was properly denied. The *maximum* time that has run against the speedy trial clock in this case, even accepting defendant's argument as to the date on which his speedy trial rights accrued, is sixty-seven days. And, when the *appropriate* accrual date is considered, only twenty-three days have actually run against the speedy trial clock.[5] Trial will clearly commence within the seventy-day period prescribed by the Speedy Trial Act. The appeal is frivolous.[6]

It is also premature. Interlocutory appeals are permitted only in limited situations, when continuation of proceedings would foreclose vindication of the rights asserted. This is not such a situation.

---

[5] A more extensive discussion of these findings is presented in the court's previous memorandum (Doc. 40), familiarity with which is presumed. Cf. 3RD CIR. L.A.R. 3.1 (permitting district court to issue a "written amplification of a prior written or oral recorded ruling or opinion" after notice of appeal is filed).

[6] See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining "frivolous" as "lack[ing] an arguable basis either in law or in fact") (citing Anders v. California, 386 U.S. 738, 744 (1967)); see also Behrens v. Pelletier, 516 U.S. 299, 310-11 (1996); Leppo, 634 F.2d at 104-05; Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989); Death Row Prisoners of Pa. v. Ridge, 948 F. Supp. 1282, 1285-86 (E.D. Pa. 1996); 20 MOORE ET AL., supra, § 303.32.

> Unlike the protection afforded by the Double Jeopardy Clause [or doctrines of immunity], the Speedy Trial [Act] does not, either on its face or according to the decisions of [federal courts], encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends against the [statutory] guarantee of a speedy trial. . . . Proceeding with the trial does not cause or compound the deprivation already suffered.[7]

Defendant may secure full relief on his claims under the Speedy Trial Act following trial and the entry of judgment in this case. The order denying the motion to dismiss is nonappealable, and the notice of appeal is ineffective to divest this court of jurisdiction.[8]

The only plausible explanation for the plainly deficient notice, and the sole possible effect of the appeal, is to delay entry of final judgment. There is no issue presented in the notice of appeal that cannot be presented post-judgment, and there is no reason to postpone resolution of the general question of guilt or innocence pending appellate review. Invocation of interlocutory appellate

---

[7] The Supreme Court in United States v. MacDonald, 435 U.S. 850, 861 (1978), was discussing a motion to dismiss under the Speedy Trial Clause of the Sixth Amendment, but the rationale applies with equal force to a motion to dismiss under the Speedy Trial Act. See United States v. Grabinski, 674 F.2d 677, 678-79 (8th Cir. 1982); United States v. Bilsky, 664 F.2d 613, 618-19 (6th Cir. 1981); United States v. Mehrmanesh, 652 F.2d 766, 768-69 (9th Cir. 1981); 3B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 833 (2d ed. 1986); 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 27.2(c) (2d ed. 1999); see also United States v. Hollywood Motor Car Co., 458 U.S. 263, 268-70 (1982); United States v. Tsosie, 966 F.2d 1357, 1359-61 (10th Cir. 1992).

[8] See Mondrow, 867 F.2d at 800; Venen, 758 F.2d at 120-22; Leppo, 634 F.2d at 104-05; see also 20 MOORE ET AL., supra, § 303.32; Allan Ides, The Authority of a Federal District Court To Proceed after a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 311-12 (1992).

jurisdiction could serve only to inhibit "the smooth and effective functioning of the judicial process."[9]  The court will not countenance these efforts.[10]

This case will proceed to trial and judgment despite the notice of appeal.[11] The decision to go forward is not in any way in derogation of the jurisdiction of the Court of Appeals for the Third Circuit.  The appellate court maintains exclusive authority to decide the merits of the appeal, and enjoys the discretion to stay further trial proceedings pending its decision.  In short, the fact that this court

---

[9] United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), quoted with approval in Leppo, 634 F.2d at 104-05.

[10] See Mary Ann, 847 F.2d at 97; RCA Corp., 700 F.2d at 924; Joseph, 685 F.2d at 863 n.3; see also United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993); Apostol, 870 F.2d at 1339; Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc., 721 F.2d 904, 907 (3d Cir. 1983); Hitchmon, 602 F.2d at 694; 20 MOORE ET AL., supra, § 303.32.

[11] As the Court of Appeals for the Third Circuit cogently remarked in addressing the district court's obligation to proceed in the face of a premature notice of appeal:

> We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction.  Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal.  While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the . . . rule [that a premature notice of appeal does not divest the district court of jurisdiction] is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.

Mondrow, 867 F.2d at 800.

views the notice of appeal as invalid does not impinge on the ability of the Court of Appeals to consider the issue *de novo*.[12]

Absent contrary appellate directive, the parties should prepare for trial. Jury selection will begin on June 6, 2005, and trial will commence immediately thereafter. An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 12, 2005

---

[12] See Leppo, 634 F.2d at, 105 (3d Cir. 1980); see also 28 U.S.C. § 1651 (providing for petition for writ of mandamus or prohibition); FED. R. APP. P. 8 (providing for motion to stay proceedings pending appeal).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **ALTIMONT WILKES** | : | |

## ORDER

AND NOW, this 12th day of May, 2005, upon consideration of the notice of appeal (Doc. 52), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. All previous scheduling orders entered in the above-captioned case remain in full force and effect.

2. Jury selection in the above-captioned case shall commence at 9:30 a.m. on Monday, June 6, 2005, in Courtroom No. 2, Ninth Floor, Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania.

    a. Trial shall commence as soon as practicable following the conclusion of jury selection.

    b. Counsel are attached for jury selection and trial in the above-captioned case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge