**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:04-CR-0287** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **ALTIMONT WILKES** : | |

**MEMORANDUM**

Presently before the court is defendant's motion to withdraw his guilty plea (Doc. 72). Defendant asserts that he has "fair and just reasons" for withdrawing his guilty plea—namely, ineffective assistance of counsel. (Doc. 73 at 1, 3.) At a plea colloquy, the court informed and questioned defendant regarding the ramifications of a plea of guilty. (Docs. 66, 67.) Defendant's responses demonstrated that he understood his legal rights as well as the consequences of a guilty plea. The court concluded that defendant's plea was informed and voluntary, supported by an independent and adequate factual basis. (Docs. 66, 67). The court is not persuaded to change its conclusion based upon the instant motion. Defendant will not be permitted to withdraw his guilty plea.

**I.     Factual and Procedural Background**

On August 25, 2004, defendant was indicted on six counts involving the sale of crack cocaine—four counts charging defendant with the use of a communication facility to facilitate the distribution of crack cocaine in violation of 21 U.S.C. § 843(b) and two counts charging defendant with possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) On October

12, 2004, defendant appeared before a magistrate judge and entered a plea of not guilty.  (Doc. 9.)

After several continuances (see Docs. 24, 29, 32, 34, 36), on April 18, 2005, defendant filed a motion (Doc. 37) ("Speedy Trial Act motion") to dismiss the indictment, claiming a violation of the Speedy Trial Act, 18 U.S.C. § 3161.  The court denied this motion.  (Doc. 40.)

In order to address defendant's interest in preserving his Speedy Trial Act issues, the government offered to defendant a conditional plea agreement containing the following provision:

> 12A.  Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, with the approval of the court and the consent of the government, the defendant enters a conditional plea to the charges described in the Plea Agreement while reserving the right on appeal to review the adverse determination by the district court of the defendant's motion to dismiss the Indictment for an alleged violation of the Speedy Trial Act.  The parties acknowledge that the defendant shall be allowed to withdraw any plea of guilty if the defendant prevails on appeal.

(Doc. 46 ¶ 12A.)  Defendant's court-appointed attorney, Christopher A. Ferro ("Attorney Ferro"), informed defendant in a letter, dated April 26, 2005, that the above-quoted provision "indicates that the Plea Agreement is conditional and reserves us the right to appeal the District Court's decision on our previously filed Motion to Dismiss."  (Doc. 73, Ex. A.)  Defendant points to this letter, and the plea colloquy, to establish that Attorney Ferro gave him the erroneous advice that "all of [his] claims averred in the motion to dismiss were protected for appellate review."  (Doc. 73 at 2.)

2

The plea agreement also contains the following paragraph which is material to the court's disposition of the instant motion:

> 27. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

(Doc. 46 ¶ 27)

On June 1, 2005, defendant entered a conditional plea of guilty (Doc. 60) to two counts in the superseding information (Doc. 44), charging defendant with Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3).  Prior to accepting the conditional plea, the court conducted two colloquies with defendant on May 2, 2005 and June 1, 2005.[1]  During the course of these colloquies, defendant confirmed that Attorney Ferro had explained all of the terms of the plea agreement and explained the charges to which defendant was pleading guilty. (Doc. 66 at 14, 17).  Defendant stated that he understood the nature of the charges against him, the offenses to which he was pleading guilty, the possible maximum sentences involved, the limitation on his right to appeal, and the waiver of certain

---

[1] The court terminated the first plea change hearing on May 2, 2005 because defendant was unwilling to admit that the controlled substance at issue was crack cocaine.  (Doc. 66 at 38-41.)

constitutional rights, including the right to a jury trial and the right of confrontation. (Doc. 66 at 13-16, 29-33).

During the May 2, 2005 plea colloquy, the government, at the court's request, summarized the essential terms of the plea agreement. In doing so, the government summarized paragraph 12A and stated the following regarding paragraph 27:

> There is one provision in there that said [defendant] waives his right to pursue any civil actions, and I think with the sole exception of his wanting to pursue the return of this vehicle that been mentioned by [Attorney] Ferro, I don't have a problem with that. If it was taken improperly and he's got a basis to pursue it, that's fine.

(Doc. 66 at 19.)

Defendant questioned the court several times regarding his appellate rights under paragraph 12A—the conditional provision—and his right to file civil claims. Specifically, defendant asked whether the plea agreement preserved his rights regarding his claim of a denial of a pre-transfer hearing in Maryland under the Uniform Criminal Extradition Act, and he indicated that he wanted to file a § 1983 claim on the issue. (Doc. 66 at 9, 20, 23, 26-27.) The court responded as follows:

> This plea agreement addresses your Speedy Trial Act appellate issues and allows you to pursue that on consent of the government and the court, and I have no problem with you pursuing that on appeal, which makes this a conditional plea, and you'll be entitled to withdraw your plea if for some reason the Third Circuit reverses my decision and determines that there was a Speedy Trial Act violation . . . .
>
> [P]aragraph 27 would operate to bar any claim against the government for actions taken in connection with your arrest and prosecution, but [the government] is saying that to the extent you wish to make a claim for your vehicle, . . . you may do so.

(Doc. 66 at 21-22.)

4

> [Your claim that you did not have a pre-transfer hearing under the Uniform Criminal Extradition Act is] not an issue that I can tell you is preserved for appellate review, because frankly it isn't.

(Doc. 66 at 24.)

> If there is an issue that you didn't raise, it's probably going to be deemed to be waived. If there is an issue that you raised . . . within the context of your motion for dismissal based upon Speedy Trial Act violations, what would reasonably fall within the four corners of that motion is preserved for appellate review.[2]

(Doc. 66 at 27-28.)

After the court responded to his questions and concerns, defendant acknowledged that he understood the court and defendant did not object to proceeding with the guilty plea hearing.[3] During the June 1, 2005 plea colloquy,[4] the court asked defendant if he had any questions regarding the plea agreement or anything that was covered during the initial plea colloquy. (See Doc. 67 at 11.) Defendant responded that he was "fully informed." (Doc. 67 at 11.) Attorney Ferro then verified the understanding from the initial plea colloquy regarding paragraph 12A—the retention of defendant's appellate rights on the Speedy Trial Act

---

[2] During the court's responses, Attorney Ferro indicated that the alleged Uniform Criminal Extradition Act violation was raised in the Speedy Trial Act motion solely to support the claim that there were non-excludable days for the Speedy Trial Act calculation. (See Doc. 66 at 24-25.)

[3] The sole reason the court terminated the May 2, 2005 proceeding without the entry of a guilty plea was a dispute over the controlled substance at issue. (See Doc. 66 at 38-41.) See supra note 1.

[4] At the request of Attorney Ferro and with the concurrence of the government, the June 1, 2005 plea colloquy incorporated the initial, aborted colloquy. (See Doc. 67 at 4-5; see also Doc. 73 at 2.)

motion—and paragraph 27—retention of a civil claim only with respect to defendant's vehicle. (Doc. 67 at 11-12.) Following this verification, defendant did not raise any objections and he pleaded guilty. (Doc. 67 at 12.) The court found that defendant was capable of entering an informed plea and that his plea was knowing and voluntary. (Doc. 67 at 13.)

Nearly three months later, before sentencing, defendant filed a motion (Doc. 71) to proceed *pro se* and the instant motion (Doc. 72) to withdraw his guilty plea. After a hearing, the court found that defendant knowingly, intelligently, and voluntarily waived his right to representation[5] and granted the motion to proceed *pro se.* (Doc. 82.)

In the instant motion, defendant claims that ineffective assistance of counsel is a "fair and just reason" to withdraw the guilty plea. (Doc. 73 at 1, 3.) Defendant alleges that Attorney Ferro erroneously advised him that claims in the Speedy Trial Act motion would be preserved. He also contends that Attorney Ferro painted a grim picture of the outcome of a jury trial and erred by advising him that the alleged violations of the Federal Extradition Act and the Uniform Criminal

---

[5] See Faretta v. California, 422 U.S. 806, 835 (1975); United States v. Peppers, 302 F.3d 120, 129 (3d Cir. 2002).

Extradition Act were not defenses to the charges of the indictment.[6]  (Doc. 73 at 1, 4.)  Attorney Ferro responded to defendant's claims by distinguishing the case law relied upon by defendant and by explaining why defendant's claims did not provide a defense.  (Doc. 73, Exs. B, C.)

After initially opposing defendant's motion to withdraw his guilty plea (Doc. 77), the government filed a supplemental response, stating that it no longer opposes the motion because the government's case is substantial and the government would not be prejudiced by the withdrawal (Doc. 84).

## II.   Discussion

Withdrawal of a guilty plea is a privilege, not a right.  See Gov't of the Virgin Islands v. Berry, 631 F.2d 214, 219-20 (3d Cir. 1980) (citing Kercheval v. United States, 274 U.S. 220, 224 (1927)).  Whether to permit withdrawal is committed to the sound discretion of the trial court, to be guided by three factors:  (1) "whether the defendant asserts his innocence," (2) "whether the government would be

---

[6] Attorney Ferro informed defendant that his "chances at trial are slim and the consequences quite severe."  (Doc. 73, Ex. C; see also Doc. 73, Ex. B.)  However, Attorney Ferro clearly advised defendant that the decision to plead guilty was for defendant to make and that he would prepare for trial if defendant did not wish to plead guilty.  (See Doc. 73, Exs. B, C.).  In support of his contention that Attorney Ferro's advice was in error (i.e., to establish that he has a valid defense against the charges of the indictment), defendant submits that "using a sting operation to 'lure' or 'entice' a suspect across state lines for the purpose of arresting him would violate the extradition act."  Ortega v. City of Kansas City, 659 F. Supp. 1201, 1211 (D. Kan. 1987), quoted in Morrison v. Stepanski, 839 F. Supp. 1130, 1142 n.15 (M.D. Pa. 1993).  (See Doc. 73 at 4.)  Defendant asserts that his indictment and prosecution resulted from such a sting operation.  He alleges that undercover Drug Enforcement Administration ("DEA") officers lured him to Pennsylvania from Maryland in order to indict him on various drug charges.  (See Doc. 73 at 4-6.)

prejudiced by the withdrawal," and (3) "the strength of the defendant's reasons for withdrawing the plea." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003); see also United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995).  Leave to withdraw a guilty plea should be granted before sentencing when these factors demonstrate "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B); see also Jones, 336 F.3d at 252.[7]

In the matter *sub judice*, defendant has never asserted his innocence of the crimes charged under the original indictment or the superseding information; he has only asserted that the indictment and prosecution are based on violations of law and the Constitution.  The failure to assert one's innocence, however, is not fatal to a motion to withdraw a guilty plea.  See id. at 252-55 (indicating that defendant had not meaningfully asserted his innocence, but still evaluating the other factors to determine whether the district court erred in denying defendant's motion to withdraw his guilty plea).  Hence, the court must examine the remaining two factors under the Jones analysis.

With respect to the issue of prejudice, the government states that it does not oppose defendant's motion and that it would not be prejudiced by the withdrawal of the plea.  This acknowledgment by the government clearly favors defendant's

---

[7] The Jones decision and earlier decisions involve the "fair and just reason" analysis under Rule 32 of the Federal Rules of Criminal Procedure.  The substance of this rule regarding withdrawal of guilty pleas was subsequently transferred to Rule 11(d) and (e).  See FED. R. CRIM. P. 32 advisory committee notes (2002 Amendments); see also FED. R. CRIM. P. 11 advisory committee notes (2002 Amendments).

request to withdraw his guilty plea. Lack of prejudice to the government, like the failure to assert innocence, however, is not conclusive in deciding a motion to withdraw a guilty plea; defendant must still assert sufficient reasons for the withdrawal. See id. at 255; United States v. Martinez, 785 F.2d 111, 115-16 (3d Cir. 1986) (refusing to adopt the position that "absent any showing of prejudice to the government, withdrawal should be freely granted" and requiring the defendant to "demonstrate sufficient grounds for withdrawing his plea"); see also United States v. Wilder, 134 F. App'x 527, 527-29 (3d Cir. 2005) (requiring the district court to consider and balance each of the Jones factors, despite the government's concession that it would not be prejudiced by the withdrawal).

Defendant's primary reason for withdrawing his guilty plea is the alleged ineffective assistance of counsel.[8] A valid claim of ineffective assistance of counsel warrants withdrawal of a guilty plea by negating the intelligent and voluntary nature of the plea. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). A court will accept such a claim and permit a defendant to withdraw a guilty plea only if:

---

[8] Defendant also asserts that erroneous information in the presentence report is a "fair and just reason" for withdrawal. This reason is meritless. Defendant merely challenges the offense level and drug quantity calculated in the presentence report. The plea agreement and plea colloquy clearly advised defendant that any disagreement with the presentence report would not be grounds to withdraw his guilty plea, and defendant acknowledged this limitation. (See Doc. 46 ¶ 15; Doc. 66 at 31-32.) See also Harris, 44 F.3d at 1210 (agreeing with the district court's conclusion that "a change of heart after reading the presentence report" is not a good reason to withdraw a guilty plea). Indeed, defendant, through his former counsel, has already filed objections to the presentence report; and the court has permitted defendant to file supplemental objections in light of his election to proceed *pro se*. (See Doc. 82.)

"(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54 (citing United States v. Day, 969 F.2d 39, 42, 49 (3d Cir. 1992)). There is a strong presumption that an attorney's performance is reasonable under prevailing professional norms. See Strickland v. Washington, 466 U.S. 668 (1984). In the context of guilty pleas, the prejudice prong of the two-part test requires that defendant show with reasonable probability that, but for counsel's advice, defendant would not have pleaded guilty. Hill, 474 U.S. at 59.

In the matter *sub judice*, defendant alleges that he pleaded guilty only because he believed, based on his attorney's advice and representations, that all of the claims averred in the Speedy Trial Act motion were preserved under paragraph 12A of the plea agreement. Defendant also alleges that Attorney Ferro painted a grim picture of the outcome of a jury trial and erred by advising him that the alleged extradition violation was not a defense to the charges of the indictment. The court finds, however, that Attorney Ferro's advice was not unreasonable under prevailing professional standards. Attorney Ferro accurately advised defendant that the conditional plea agreement preserved the *right to appeal* the court's decision on the Speedy Trial Act motion—*not* that it preserved the *right to file new claims* based on the allegations in the Speedy Trial Act motion. In addition, Attorney Ferro ensured that defendant understood the risks of proceeding to trial, enabling defendant to make an informed decision regarding

whether to accept the plea agreement. Attorney Ferro, however, did not pressure defendant into pleading guilty merely by indicating the limited chance of success at trial. To the contrary, Attorney Ferro clearly informed defendant that he would accept defendant's decision and prepare for trial if necessary.

Likewise, the court finds that Attorney Ferro's explanation of the alleged extradition violation was not unreasonable. Defendant's claim that Attorney Ferro erred is based on defendant's inaccurate comparison of the facts in <u>Ortega</u> to the actions of the undercover DEA officers in this case. <u>See</u> <u>supra</u> note 6. In <u>Ortega</u>, unlike the instant case, the sting operation involved the "arrest of a large number of suspects for which *outstanding warrants existed*," thus violating the suspects' extradition rights. <u>Ortega</u>, 659 F. Supp. at 1205, 1211 (emphasis added). Here, the undercover DEA officers actions were not based on an outstanding arrest warrant, and, thus, the extradition procedures were not implicated by their actions. Defendant's disagreement with Attorney Ferro's counsel on this issue does not transform it into unreasonable advice.

Even if Attorney Ferro's advice fell below reasonable standards, defendant cannot satisfy the prejudice prong. During the plea colloquy, defendant questioned the court extensively regarding the preservation of issues for appeal. <u>See</u> <u>Jones</u>, 336 F.3d at 254 (finding that, despite defendant's allegations that his attorney guaranteed him a specific sentence range, the court's lengthy and extensive plea colloquy regarding the issue removed any prejudice). The court clearly informed defendant that only those claims falling within the ambit of the

11

Speedy Trial Act motion were preserved and that the plea agreement barred any claims against the government, except for a claim for defendant's vehicle. Attorney Ferro also indicated that the claims in the Speedy Trial Act motion were raised solely to support the allegation of a Speedy Trial Act violation. After an extensive colloquy regarding the preservation of claims, defendant agreed to proceed with the guilty plea.[9]

During the June 1, 2005 plea colloquy, defendant was again reminded that the conditional plea agreement preserved his right to appeal the court's denial of the Speedy Trial Act motion and that defendant retained the right to file a civil claim regarding his vehicle. With the extensive discussion of the preservation issue at both plea colloquies,[10] defendant cannot establish that, but for his attorney's advice, he would not have pleaded guilty. Defendant was properly advised on the issue and voluntarily entered into a plea of guilty.

### III. Conclusion

Defendant has not presented a "fair and just reason" to withdraw the guilty plea. Although the government would not be prejudiced by a withdrawal of the plea, defendant has not asserted his innocence and his ineffective assistance of counsel claim is meritless. Thus, the court, in the exercise of its discretion, will

---

[9] See supra notes 1, 3.

[10] See supra note 4.

deny defendant's motion.  <u>See</u> Fed. R. Crim. P. 11(d); <u>see also</u> <u>Jones</u>, 336 F.3d at 252; <u>Harris</u>, 44 F.3d at 1210.  An appropriate order will issue.

      <u>S/ Christopher C. Conner</u>
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      October 13, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:04-CR-0287** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **ALTIMONT WILKES** : | |

## **ORDER**

AND NOW, this 13th day of October, 2005, upon consideration of defendant's motion to withdraw the guilty plea (Doc. 72), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to withdraw the guilty plea (Doc. 72) is DENIED.

                                                                   S/ Christopher C. Conner
                                                             CHRISTOPHER C. CONNER
                                                             United States District Judge