# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALTIMONT WILKES** | : | |

## ORDER

AND NOW, this 25th day of October, 2005, upon consideration of defendant's motion for reconsideration (Doc. 95) of the order of court dated October 13, 2005 (Doc. 86), denying defendant's motion to withdraw his guilty plea (Doc. 72), arguing that the "sting operation" by undercover Drug Enforcement Administration ("DEA") officers violated his constitutional rights, and it appearing that defendant merely repeats arguments previously made to the court,[1] and that there are no manifest errors of law or fact in the order of court, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); see also Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)

---

[1] Defendant continues to contend that, under the applicable extradition laws, the "sting operation" by the undercover DEA officers violated his due process and equal protection rights. Even assuming *arguendo* that defendant was correct, his argument does not refute the court's finding: (1) that Attorney Christopher A. Ferro's advice was not unreasonable under prevailing professional standards (see Doc. 86 at 10-11), and (2) that defendant cannot show sufficient prejudice from Attorney Ferro's alleged errors (see Doc. 86 at 11-12), see United States v. Jones, 336 F.3d 245, 253-54 (3d Cir. 2003) (providing that a court will accept a claim of ineffective assistance of counsel and permit a defendant to withdraw a guilty plea only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors").

(cautioning that mere disagreement with the court does not translate into a clear error of law), it is hereby ORDERED that the motion (Doc. 95) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge