**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0287** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **ALTIMONT WILKS** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of April, 2009, upon consideration of defendant's

motion (Doc. 120) to vacate his sentence pursuant to 28 U.S.C. § 2255, and of

defendant's election form (Doc. 27), electing to have the court rule upon the motion

under 28 U.S.C. § 2255, and it appearing that petitioner contends that his

possession of certain drugs and firearms used to calculate his offense level were not

part of the charged offense conduct, (Doc. 120 §§ 12.A-.B, at 5), that he is entitled to

a sentence reduction for post-trial acceptance of responsibility, (<u>id.</u> § 12.C, at 5), and

that his sentence should be further reduced pursuant to 18 U.S.C. § 3582(c) and

recent retroactive amendments to the United States Sentencing Guidelines,[1] (<u>id.</u>

§ 12.D, at 6), and it further appearing that the motion was filed within the

prescribed limitations period, <u>see</u> 28 U.S.C. § 2255(f) ("A 1-year period of limitation

---

[1]The proper method for obtaining relief under retroactive amendments to the
Sentencing Guidelines is a motion for sentence reduction under 18 U.S.C. § 3582
rather than a request under 28 U.S.C. § 2255.  Nevertheless, requiring petitioner to
file a separate motion under § 3582 would needlessly multiply the number of
outstanding matters associated with his case, and the court will construe the instant
filing as a combined motion to modify defendant's sentence under § 2255 and for a
sentence reduction under § 3582.  <u>See</u> <u>United States v. Rios-Paz</u>, 808 F. Supp. 206,
207 (E.D.N.Y. 1992) (converting motion under § 2255 into a sentence reduction
request under § 3582).

shall apply to a motion under this section."); <u>United States v. Davies</u>, 394 F.3d 182,

186 n.2 (3d Cir. 2005) (stating that, where the defendant has taken a direct appeal,

the § 2255 limitations period begins to run "on the later of (1) the date on which the

Supreme Court affirms the conviction and sentence on the merits or denies the

defendant's timely filed petition for certiorari, or (2) the date on which the

defendant's time for filing a timely petition for certiorari review expires" (citing

<u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999))), it is hereby ORDERED

that:

1.   The Clerk of Court is directed to serve a copy of the motion (Doc. 120)
     on the United States Attorney.

2.   The United States Attorney shall file an answer to the motion
     (Doc. 120) on or before May 4, 2009.  <u>See</u> R. GOVERNING § 2255 CASES
     4(b), 5.

3.   Defendant shall be permitted to file a reply on or before May 20, 2009.
     <u>See</u> R. GOVERNING § 2255 CASES 5(d).


     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge