# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 1:04-CR-0287 |
| | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **ALTIMONT WILKS** | : | |

## **ORDER**

AND NOW, this 2nd day of November, 2009, upon consideration of the defendant's motion (Doc. 120) to vacate his sentence pursuant to 28 U.S.C. § 2255,[1] which was filed March 5, 2009, and it appearing that the one-year statute of limitations period applicable to defendant's motion began to run on January 7, 2008,[2] see Kapral v. United States, 166 F.3d 565, 569 (3d Cir. 1999) (explaining that "§ 2255's limitation period begins to run on the date on which the defendant's conviction *and* sentence become 'final'"), and that defendant's motion was therefore untimely, and

---

[1] Section 2255 provides that a prisoner in custody under a sentence of the court may challenge the sentence imposed, and request that it be vacated, set aside, or corrected if it was "imposed in violation of the Constitution or laws of the United States, or the court lacked jurisdiction to impose the sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." See 28 U.S.C. § 2255.

[2] Section 2255 requires a defendant to file his or her motion for habeas relief within one year of the date on which the judgment becomes final. See United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005). A judgment is final for purposes of § 2255 when the Supreme Court either denies certiorari or affirms the judgment of conviction on the merits. See Kapral v. United States, 166 F.3d 565, 569 (3d Cir. 1999). The Supreme Court denied defendant's petition for certiorari on January 7, 2008, Wilks v. United States, 128 S. Ct. 948 (2008), triggering the one-year statute of limitations period at that time. Therefore, defendant's March 3, 2009 motion was untimely filed and therefore is time-barred.

it further appearing that defendant acknowledges that his § 2255 motion is untimely, (see Doc. 125 at 1 (conceding that "the instant petition under 28 U.S.C. § 2255, filed by petitioner Altimont M. Wilks, was infact [sic] filed untimely")), that this matter does not warrant an equitable tolling of the limitations period, see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005),[3] but that defendant requests leave to file a separate motion for a sentence reduction under 18 U.S.C. § 3582, it is hereby ORDERED that:

1. Defendant's motion under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

3. Defendant may forthwith file a motion pursuant to 18 U.S.C. § 3582.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Equitable tolling of the one-year statute of limitations is proper in some exceptional cases. Defendant presents no facts in his petition to suggest that his is such a case. (See Doc. 125 at 1 (explaining that defendant was "under the impression, and falsely assumed that the 'one-year' period did not begin to run until after the mandate was issued by the Third Circuit Court of Appeals")). In order to toll a statute of limitations under § 2255, defendant bears the burden of proof, and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The fact that defendant simply misunderstood the time in which he could file his motion with the court does not rise to the level of an "extraordinary circumstance." See Irwin v. Dep't of Veteran's Affairs, 498 U.S. 89, 96 (1990) (explaining that courts refrain from equitably tolling a statute of limitations in cases when a defendant simply "failed to exercise due diligence in preserving his legal rights").